## CHAN SHING HO v. UNITED STATES.
### No. 12596.

United States Court of Appeals
Ninth Circuit.

Jan. 29, 1951.

Rehearing Denied March 9, 1951.

Mull & Pierce, A. M. Mull, Jr., and F. R. Pierce, all of Sacramento, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., Emmet J. Seawell, Asst. U. S. Atty., Sacramento, Cal., and J. Richard Johnston, Spc. Atty., Bureau of Int. Revenue, Washington D. C., for appellee.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

Appellant was charged in four counts with attempted evasion of his personal income taxes for the years 1943 to 1946, inclusive. He was found guilty on all counts and was sentenced to serve a year and a day on each and to pay a fine of $7500 on the first (1943) count, the sentences of confinement to run concurrently. The questions raised on his appeal relate primarily to the sufficiency of the evidence to support the verdict.

During the years involved and for some years previously appellant, who is a Chinese, operated a retail meat market in Sacramento known as the Palace. For the years mentioned in the indictment he reported the income of the business as partnership income, giving in the information returns the names of 10 or more Chinese constituting the partners and stating the distributive share of each in the net income. In his individual returns he reported only that portion of the alleged partnership net income shown in the information returns as being distributable to himself. The government undertook, among other things, to show that no partnership in fact existed during those years; and appellant claims that its case must stand or fall on the sufficiency of the evidence to prove that fact. While we are by no means persuaded of the correctness of the contention, we assume its validity for the purpose of decision.

It appears that from 1923 until at least 1941 a considerable number of Chinese were interested in the market as partners. The business was scant and unprofitable, however, and there is direct as well as circumstantial evidence from which it may be inferred that all but appellant abandoned their interests or withdrew from the enterprise. A special agent for the department

testified to appellant's having said that the business was all his since 1941. In addition a sworn statement of appellant was introduced in which he said that all the others dropped out. "Nobody wanted to stay in business. Too many bills, and then I take them all." It is true, as counsel argues, that in other portions of the statement appellant made contrary assertions, but the jury were entitled to discredit them. Three alleged partners were witnesses at the trial, two of whom testified that they "understood" or "thought" that they were out of the partnership by 1939 or 1941. Counsel contends that these declarations were mere conclusions and not evidence of the fact of withdrawal, but we are unable to agree. They afforded some evidence of the abandonment of the partnership by common consent. The third witness supplied testimony favorable to appellant's position, but his testimony as to his continuing membership was impeached by the introduction of a written question and answer statement in which he said that the partnership terminated in 1941 and that he was a partner from 1927 to 1941 only.

 Apart from this evidence the circumstances point strongly to the non-existence of the partnership in the crucial years. After 1940 no partnership meeting was called and no financial statements issued. Throughout the later period appellant conducted the market precisely as though it were wholly owned by himself. He managed the store and signed all checks. Although admittedly the business was highly profitable during the years under consideration, he distributed no profits to any of the alleged partners and informed none of them that there were profits to be distributed. Nor did any of the supposed partners make any returns of partnership income. A number of them lived in Sacramento, and it was a fair assumption for the jury to make that if they had not relinquished their interests they would have exhibited a lively curiosity in this flourishing enterprise and made some effort to obtain what was coming to them. Appellant's contention

that his admitted appropriation of the entire profits to himself simply amounted to the embezzlement of them is all well enough. But on the whole showing the jury were entitled to conclude that the profits he took were rightfully his.

 As part of its proof the government introduced evidence of the increase in the net worth of the accused occurring during the period. Appellant argues that he kept adequate books, and that such being the case the net worth method was not a proper way of establishing a tax deficiency. No authority is cited for this proposition, and in any event there was competent evidence that the books and records, which were kept on a single entry system, were basically inadequate.

Other points are discussed but we find no error in the record nor any insufficiency in the showing of guilt, and the judgment is accordingly affirmed.